## UNITED STATES DISTRICT COURT.

### Justus E. Earle agt. The Steamboat Alida.

The lien act relative to ships and vessels (2 *R. S.*, 405, §§ 1 *and* 2,) embraces wharfage under whatever title it is used, unless the vessel is placed there in wrong of the owner. She is in pawn to the wharfinger for the wharfage, and the statute preserves the effect of the pledge for ten days after her removal, until a lien is filed. But wharfage can only be collected under the statute for the period the vessel actually occupied the wharf. It must be allowed as if the case was without bargain as to terms and duration. But the parties may agree as to the rate of whafage to be charged, and their agreement will be so far upheld.

It is not necessary that the claimants should plead in bar of the lien. The *onus* is on the libellant to make out in the first instance the facts constituting it.

*In Admiralty, Southern District of New York.*
*Before* Hon. S. R. Betts, *D. J.*

The libellant was the owner of a wharf at the foot of Robinson street in the city of New York. As such he let to the owner of the steamboat Alida a privilege of the boat's stopping at that wharf for one year, at a certain rent, payable quarterly on the usual quarter days in such cases.

The libellant, before the second quarter was concluded, filed his specification of lien, and in his libel claimed for the whole of the second quarter due at the time of the filing of the lien, although it had not expired. It was insisted that the wharf being let by the year no lien existed. The claim was put in by a mortgagee claiming to be in possession, also by a receiver appointed by the superior court in an action brought by another mortgagee, claiming to be in possession, to foreclose his mortgage, and to adjust and exclude the equities and claims of other mortgagees and claimants to the boat. The boat had been sold and the proceeds paid into the registry of the district court, with the understanding that the same effect should be given to the proceeds as if they were the *rem* in the custody of the marshal. The claimants had omitted to plead in their answer, the facts showing there was no lien.

Earle agt. Steamboat Alida.

D. McMahon, *for libellant.*

Messrs. Bonney, Sherwood & Burrill, *for claimants.*

*Per curiam,* Betts, D. J. The question raised in this case, on the merits, is whether the lessee of a wharf, for a fixed period of time has a lien upon the vessel for wharfage.

The act embraces wharfage under whatever title it is used, unless the vessel is placed there in wrong of the owner. She is in pawn or pledge to the owner of the wharf for the value of her accommodation, and the statute preserves the effect of the pledge for ten days after her removal, unless a lien is sooner filed, in which case the period of the lien is extended for an additional period.

The charge can only be allowed for the time the vessel actually occupies the wharf, and must be pursued in the same manner as if the case was without bargain as to terms and duration.

Accordingly, a recovery cannot be had for the entire contract price when the vessel was not at the dock the whole period—the lien being given by statute can be availed of only pursuant to the appointment of the statute, although the rate of wharfage may be matter of agreement between the parties. The vessel, being a domestic one, can be subject to no lien not given by the local law.

The case does not stand on the footing of a petition for payment of wharfage claim out of proceeds in court. It is an original proceeding *in rem* against the vessel itself, and must be governed by the rules applicable to suits of that character.

It is not necessary, in order to avoid its effect, that the claimant should plead in bar of the lien. It belongs to the libellant to prove, in the first instance, that his case takes the privilege of the statute.

Ordered, decree for libellant, a reference to a commissioner to ascertain and report the amount of lien on these principles.